# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Athena Leventis,        ) | C/A No.: 3:10-cv-2312-JFA |
| )                           | |
| Plaintiff,   ) | |
| ) | |
| v.             ) | **ORDER** |
| ) | |
| Bank of America, N.A.,    ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

## BACKGROUND

Plaintiff Athena Leventis began working for Defendant Bank of America, N.A. on September 24, 2007 as a private client advisor. In this role, she was responsible for recruiting new business, as well as being the point of contact for the customers assigned to her. An offer of employment letter memorialized various aspects of the terms of Plaintiff's employment with Defendant, including her right to an Asset Gathering Award, which she was eligible to receive after one year on the job. This Award is the subject of this litigation. Plaintiff claims that the Defendant breached her employment contract and violated the South Carolina Payment of Wages Act by failing to pay her the Asset Gathering Award she was entitled to prior to her termination. Defendant disagrees, and moves the court to grant it judgment as a matter of law with respect to Plaintiff's causes of action. Plaintiff opposes the Defendant's motion, and after reviewing the parties' briefs and inviting oral argument, the court denies the motion for summary judgment.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## ANALYSIS

As already discussed, Plaintiff asserts two causes of action against Defendant. By failing to pay her an Asset Gathering Award, a monetary award she contends she was entitled to under the terms of her employment, Plaintiff claims that Defendant violated the South Carolina Payment of Wages Act, S.C. Code Ann. 41-10-10 to -110, and breached the terms of her employment contract. According to Defendant, the Asset Gathering Award was a tool used to encourage associates to bring in new business and

for associate retention. After twelve months of employment, Plaintiff was eligible to receive the Asset Gathering Award, whose amount was determined based on a number of factors. Plaintiff's offer letter, which she signed, and which contains the terms of the Asset Gathering Award, states that her start date was September 24, 2007. Therefore, Plaintiff claims she was eligible for the Award on September 24, 2008. Moreover, the offer letter states that the Asset Gathering Award will be paid within 30 days of the Award's end date, which in this case would have been October 23, 2008. Plaintiff never received her Asset Gathering Award by this date.

According to Defendant, this Award was not an outright monetary bonus. Rather, it was a loan that was secured by a promissory note and was forgiven in quarterly increments depending on the employee's continued employment with Defendant. Thus, in this case, Defendant claims that had Plaintiff been offered the Asset Gathering Award she would have been required to sign a four-year promissory note. That note would have forgiven one quarter of the loan amount each year the Plaintiff stayed employed with the Defendant for four years. What is more, Defendant claims that the promissory note requires the Award to be due and payable, without notice or demand if the employee's employment with Defendant is voluntarily or involuntarily separated. This point is why, Defendant asserts, it did not issue Plaintiff the Asset Gathering Award. Although the terms of her offer of employment entitled her to the Award by October 23, 2008, Defendant learned that it would be terminating a number of employees because of a reduction in force plan put into place. Because Plaintiff was one of those employees to be terminated within the next year, Defendant argues that Plaintiff would have had to repay

the entire amount of the loan by her termination date. Thus, it did not calculate the amount of her Award and never issued it to her. Instead, on February 17, 2009, it notified her that her position was being eliminated as part of the workforce reduction. Plaintiff's last day of employment was March 6, 2009.

After considering Defendant's position and viewing all of the evidence and inferences in the light most favorable to the Plaintiff, as the court must do at this stage of the litigation, the court denies the motion for summary judgment. With respect to Plaintiff's breach of contract cause of action, it appears that Plaintiff had a contractual right to an Asset Gathering Award by October 23, 2008, and that the Defendant did not issue this Award by that date. Although Defendant contends that the signing of a four-year promissory note was a condition precedent to receiving the Award, which was never fulfilled, the court does not believe this fact overcomes Plaintiff's claim. Defendant offered no evidence that it presented the promissory note to Plaintiff for her agreement; therefore, it is without merit to contend that the failure of her to sign the note causes Plaintiff's claims to fail. Additionally, the court does not believe the Defendant can claim that the performance of the Asset Gathering Award in the time period set forth in Plaintiff's offer of employment was rendered impossible because Defendant was unable to timely calculate the amount of the Award due to comply with the very date in which it established. That problem was created by the Defendant and does not concern the Plaintiff. Nor does it entitle Defendant to judgment as a matter of law.

Notwithstanding the fact that Plaintiff would have had to repay the Award within months of receiving it because she was going to be terminated in March of 2009, the

court does not believe that fact relieved Defendant of its contractual obligation to issue Plaintiff the Asset Gathering Award in October of 2008.[1] Plaintiff was entitled to that money, and she may be able to establish damages related to Defendant's failure to issue the Award to her.

With respect to Plaintiff's claim made pursuant to the South Carolina Payment of Wages Act, Defendant believes it is entitled to judgment as a matter of law because the Plaintiff's alleged loss of use of the Asset Gathering Award does not constitute a "wage" under the Act. The Act defines "wages" as:

> all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract. Funds placed in pension plans or profit sharing plans are not wages subject to this chapter.

S.C. Code Ann. § 41-10-10(2). Based on this definition, Defendant contends that it has not unjustifiably retained any wages owed to Plaintiff. The court disagrees, for the reasons just stated above. After twelve months of employment, Defendant promised Plaintiff an Award based on the amount of new business she recruited for Defendant during that time period, among other factors. The court finds that this Award constitutes wages as defined by the Act, and it believes Defendant has not asserted enough evidence to prove it is entitled to judgment as a matter of law with respect to Plaintiff's claim.

---

[1] The court acknowledges Plaintiff's contention that she believed she would not have to repay the Asset Gathering Award because her position was eliminated in a reduction in workforce, rather than a termination for cause. A ruling on that point, however, is not necessary to render a decision on this motion, as that argument relates to the proper method to ascertain damages, which is a question for the jury.

Accordingly, the court denies the Defendant's motion, and this case will proceed to jury selection on September 13, 2011.

    IT IS SO ORDERED.

August 23, 2011                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge